

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL BECNEL and<br>GINA BECNEL,<br><br>    Plaintiffs,<br><br>v.<br><br>TA OPERATING CORPORATION<br>and WASHINGTON NATIONAL<br>DEVELOPMENT COMPANY,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:04-CV-295-WBH |

### ORDER

Before the Court are Plaintiffs' motion to compel [116] and Defendant TA Operating Corporation's ("TA") motion to compel [120]. Also before the Court are TA's motion to dismiss or, in the alternative, to disqualify attorney [102], TA's motion for an extension of time to respond to ISMG's motion for summary judgment [127][1], and Plaintiffs' motion to appoint a discovery master [111].

### I. Plaintiffs' motion to compel

Plaintiffs request that the Court order the continuation of the deposition of fact witness Michael Weathers so that they can explore his personal knowledge and

---

[1] This document is titled "Stipulation to Extend Time for TA Operating Corporation to Respond to ISMG's Motion for Summary Judgment." Because leave of Court is required for an extension of time to respond to a summary judgment motion, the Court has construed the stipulation as a motion for an extension of time.

experience with crime prevention and security at various TA locations. Plaintiffs argue that at Mr. Weathers' deposition, defense counsel improperly instructed Mr. Weathers not to answer certain questions involving security at locations other than Conley, Georgia. In response, Defendants argue that the Court's March 2, 2005, Order prohibits Plaintiffs from questioning any witness about security at any facility other than Conley. The Court disagrees.

The March 2 Order concerned a 30(b)(6) notice. In ruling that TA was not required to produce a witness who was prepared to testify about specific security issues at locations other than Conley, the Court was addressing broadly worded 30(b)(6) deposition notices. The ruling was intended to prevent TA from having to conduct a massive, nationwide search for information, most of which would have been irrelevant to the issues in this case. The position that TA has taken with respect to Mr. Weathers' deposition is inconsistent with the spirit of the Order. Unlike a 30(b)(6) witness, Mr. Weathers apparently has personal knowledge about safety issues at several TA locations and is able, at least on some level, to draw comparisons between the security systems in place at these locations. Such evidence may be relevant to issues in this case. The Court finds the line of questioning set forth in Plaintiffs' motion to compel [116] at pages 3-6 is appropriate and is reasonably calculated to lead to admissible evidence.[2] Accordingly, Plaintiffs' request for

---

[2] To the extent that TA contends that evidence of specific security systems of other locations is irrelevant, it may file a motion in limine prior to trial, and the Court will take the

2

another deposition of Mr. Weathers is GRANTED, but the deposition shall not exceed two hours in length.

In their motion to compel, Plaintiffs also ask the Court to order TA to make its former president, Ed Kuhn, available for a deposition. For the reasons set forth in TA's response [121], this request is DENIED.

Finally, Plaintiffs ask the Court to order TA to provide Plaintiffs with a computer file containing a digital version of a photograph of a September 2002 armed robbery at the Conley location. TA responds that it has already provided Plaintiffs with a hard copy of the photograph and that it has misplaced the computer disc containing the photograph. The Court finds this response sufficient, and the motion to compel on this ground, therefore, is DENIED.[3]

Plaintiffs request that the Court award them their fees and costs associated with bringing this motion. When a motion to compel is granted in part and denied in part, the Court may "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." Fed. R. Civ. P. 37(a)(4)(C). The Court concludes that no fees or costs should be awarded to either side in connection with this motion.

---

issue up at that time.

[3] If the disc is discovered, TA must turn it (or a copy) over to Plaintiffs. Whether the photograph will be admissible at trial and whether a spoliation charge is appropriate are issues that will be addressed at a later point in the case.

3

## II. TA's motion to compel

Through their Complaint, Plaintiffs allege that Mr. Becnel suffers from, among other things, a headache disorder which resulted from his attack at the TA truck stop. Through discovery, TA has discovered evidence that before he was attacked, Mr. Becnel suffered from intractable headaches and that he underwent surgery to treat the headaches.

Through its motion to compel, TA moves the Court for an Order compelling Mr. Becnel to execute and return two authorizations for the release of medical records. One release is directed to Dr. Scott Horsfield, Mr. Becnel's primary care physician prior to attack, and the other is directed to Dr. Robert Owens, the physician who performed a sinus surgery to treat Mr. Becnel's headaches. TA argues that the records of Drs. Horsfield and Owens are relevant to TA's defenses on the issue of damages because some of the medical problems which Plaintiffs now claim resulted from the attack may be attributable to pre-existing medical conditions.

Plaintiffs respond that Mr. Becnel's medical records are irrelevant. According to Plaintiffs, "[t]he sinus headaches Mr. Becnel suffered before the attack are completely unrelated to the occipital headaches he now suffers as a result of the attack." The Court finds this argument completely without merit.

It is elementary that evidence of Mr. Becnel's headaches prior to the attack are discoverable because he now is seeking damages for a head injury. Facts concerning

4

Mr. Becnel's complaints to these physicians, the physicians' opinions concerning the cause of his health problems, and the treatment he received clearly are relevant to Plaintiffs' damages claim. For the reasons set forth in TA's brief in support of its motion to compel [120], the motion to compel is GRANTED.

TA requests its fees and costs associated with bringing this motion. Rule 37(a)(4)(A) governs the Court's decision regarding whether to award fees and costs in connection with a meritorious motion to compel. The rule provides:

> if the motion [to compel] is granted . . ., the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A). Thus, as dictated by Rule 37(a)(4)(A), "[a] court must impose attorney's fees and expenses when compelling discovery unless the party was substantially justified in resisting discovery." Maddow v. Procter & Gamble Co., Inc., 107 F.3d 846, 853 (11th Cir. 1997). A party's objection is substantially justified if "reasonable people could differ as to the appropriateness of the contested action." Id.

Here, the Court easily concludes that sanctions are mandated by the Rule. The reasons expressed in Plaintiffs' response brief explaining Mr. Becnel's refusal to execute the release are completely unfounded. The Court invites TA to file a pleading

5

setting forth its fees and costs associated with this discovery dispute, and the Court will consider it in fashioning an appropriate sanction.

### III. TA's motion to dismiss or, in the alternative, to disqualify attorney

TA complains that Plaintiffs' counsel has engaged in unethical conduct which is so severe that the Court should impose the ultimate sanction by dismissing the case. The Federal Rules authorize trial courts to impose such sanctions "as are just" against a party that violates an order compelling discovery. See Fed.R.Civ.P. 37(b)(2). The ultimate sanction of dismissal of the complaint, however, is justified only in "extreme circumstances and as a last resort." Wouters v. Martin County, 9 F.3d 924, 933 (11th Cir. 1992) (reversing a dismissal because less severe sanctions were available). In support of its motion, TA points to the following conduct in which Plaintiffs' counsel engaged:

1. Following the Court's Orders dated May 6, 2004 and March 2, 2005, Plaintiffs' counsel refused to revise his 30(b)(6) notices to omit areas of inquiry foreclosed by those Orders;

2. Plaintiffs' counsel posed questions to Mr. Weathers concerning security at TA locations other than Conley; and

3. Plaintiffs' counsel interviewed a TA employee without TA's knowledge or permission.

Plaintiffs' counsel admits that he committed these acts, but he insists that he did nothing wrong. For the reasons that follow, the Court concludes that neither dismissal nor disqualification is an appropriate sanction for these actions.

First, despite the arguably improper notices, it appears that Plaintiffs' counsel did not ask improper questions of the 30(b)(6) witnesses. For this reason, the Court finds that severe sanctions are not warranted.[4] Next, as discussed above in connection with Plaintiffs' motion to compel, the questions posed to Mr. Weathers were not improper, and TA's objections thereto were based on too narrow a reading of the Court's prior Order. Finally, it is not clear to the Court that Plaintiffs' counsel's communication with the TA employee was barred because the witness was a low-level employee (a waitress), and for that reason, the Court will not impose the harsh sanctions requested by TA on this basis.[5]

Thus, upon review of the briefs and exhibits, the Court finds that Plaintiffs' counsel's conduct does not rise to the level of misconduct that would merit the "last resort" sanction of dismissal or disqualification, and accordingly, the motion is DENIED.

## CONCLUSION

Plaintiffs' motion to compel [116] is GRANTED IN PART and DENIED IN PART. TA's motion to compel [120] is GRANTED. TA's motion to dismiss or, in

---

[4] TA claims that Plaintiffs' counsel's refusal to amend the 30(b)(6) notices caused TA to incur legal expenses because its counsel spent time negotiating with Plaintiffs' counsel regarding appropriate parameters for the 30(b)(6) depositions. TA, however, has not requested its fees associated with this expense.

[5] The Court has not conducted in-depth research on this issue, but merely finds that this communication does not merit the severe sanctions requested. If, through a motion in limine, TA moves to exclude the evidence obtained from this witness based on the manner in which it was acquired, the Court will revisit this issue.

the alternative, to disqualify attorney [102] is DENIED. TA's motion for an extension of time to respond to ISMG's motion for summary judgment [127] is GRANTED AS UNOPPOSED. Plaintiffs' motion to appoint a discovery master [111] is DENIED.

It is so ORDERED this 7 day of November, 2005.

Willis B. Hunt, Jr.
Judge, United States District Court